IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE DOE | * |
| Plaintiff, | * |
| v. | * Case No. 8:25-CV-00717-PX |
| OFFICE OF THE PUBLIC DEFENDER, et al. | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT ORDER GRANTING
PRELIMINARY INJUNCTIVE RELIEF**

This ORDER is entered this _____ day of _____, 2025, upon consent of the parties:

1. On February 21, 2025, Plaintiff Jane Doe filed her Motion for Preliminary and Permanent Injunctive Relief in the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-25-000307;

2. On March 4, 2025, Defendant Office of the Public Defender removed this case from the Circuit Court for Montgomery County, Maryland;

3. Defendant Office of the Public Defender consents to the Court granting the relief sought in Plaintiff Doe's Motion for Preliminary and Permanent Injunctive Relief, as set forth herein;

4. This Order applies only to the relief sought in Plaintiff's Motion for Preliminary and Permanent Injunctive Relief and shall not be construed as an admission with respect to Plaintiff's additional claims set forth in the Complaint;

5. This Order makes no determination as to the assessment of costs or Plaintiff's claim for attorney's fees set forth in the Complaint.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Within ten days of this Order, Defendant Office of the Public Defender shall undertake all measures necessary in order to reverse the measures it implemented and retract any communications it issued to third parties, including but not limited to with regard to banning Ms. Doe from all OPD buildings and courthouses.

2. Within ten days of this Order, Defendant Office of the Public Defender shall undertake all measures necessary to ensure the removal and retrieval of Ms. Doe's photograph from security posts and from all agencies and locations to which it was disseminated.

3. Within ten days of this Order, Defendant Office of the Public Defender shall undertake all measures necessary to seek the cancellation and removal of any BOLO that has been issued by the Maryland Capitol Police with respect to Ms. Doe, as well as from any other agencies to whom a BOLO was communicated.

4. Within ten days of this Order, Defendant Office of the Public Defender shall issue and disseminate a retraction and corrective statement to all third parties to whom it communicated about Ms. Doe stalking, posing a danger, possessing bullets, or engaging in criminal behavior, including but not limited to: University of Baltimore School of Law, the Office of Public Defender workforce, and all Maryland agencies involved, including but not limited to the Department of General Services and Maryland Capitol Police, and the Sheriff's Office. The retraction and corrective

statement shall be on Office of the Public Defender letterhead and signed by Natasha Dartigue, as Public Defender, and shall include this statement: "This is a retraction and corrective statement. Ms. Doe was a good and successful employee of the Office of Public Defender, she did not engage in any wrongdoing or misconduct, and she did not ever and does not pose a danger, nor did she engage in stalking behavior, possess bullets, or engage in criminal behavior." In addition, each statement shall be specifically written to correct and retract any and all particular adverse statements made about Ms. Doe to that third party.

5. Within ten days of this Order, Defendant Office of the Public Defender shall purge its files of all documentation stating or relating to the assertion that the bullets found in March 2024 in the desk assigned to Ms. Doe at the Office of the Public Defender were possessed by her. (All such documentation shall be retained in the possession of counsel for the Office of the Public Defender.)

6. Within ten days of this Order, Defendant Office of the Public Defender shall purge its files of all documentation stating or relating to the assertion that Ms. Doe stalked attorney Matt Connell, that she engaged in criminal conduct, and that she threatened or posed a potential threat to attorney Matt Connell or to any Office of the Public Defender employee. (All such documentation shall be retained in the possession of counsel for the Office of the Public Defender.)

7. Defendant Office of the Public Defender shall provide contemporaneous and ongoing reporting of its implementation of these requisite measures to counsel for Ms. Doe,

along with full access to all information necessary to monitor and ensure all these requisite measures are undertaken and in a form sufficient to ensure the maximum comprehensive efforts to correct and retract each adverse statement made about Ms. Doe to third parties.

8. Defendant Office of the Public Defender shall affirmatively communicate to the Maryland State Board of Law Examiners that "Ms. Doe performed her job well, she was on track for permanent hire, and she was fired without any basis." Defendant Office of the Public Defender shall refrain from communicating to the Maryland State Board of Law Examiners that Ms. Doe engaged in any wrongdoing or misconduct, stalked attorney Matt Connell, that bullets were found in the desk assigned to Ms. Doe at the Office of the Public Defender were possessed by her or were brought into the OPD's offices by her, that she engaged in criminal conduct, or that she posed a potential threat of violence or danger to attorney Matt Connell or to any Office of the Public Defender employee. Within ten days of this Order, the Office of the Public Defender shall provide Ms. Doe a letter on Office of the Public Defender letterhead signed by Natasha Dartigue, as Public Defender, addressed to the Maryland State Board of Law Examiners stating: "Ms. Doe performed her job well, she was on track for permanent hire, and she was fired without any basis." Defendant Office of the Public Defender shall submit all necessary forms, references, and communications to the Maryland State Board of Law Examiners on a timely basis and in compliance with the terms of this Order. Defendant Office of the Public Defender also shall proceed in accordance with this provision of this Order with respect to Ms. Doe's applications to any other states' bar.

9. Defendant Office of the Public Defender shall refrain from communicating with prospective employers that Ms. Doe engaged in any wrongdoing or misconduct, that she stalked attorney Matt Connell, that bullets found in the desk assigned to her at the Office of the Public Defender were possessed by her, that she engaged in criminal conduct, or that she posed a potential threat of violence or danger to attorney Matt Connell or to any Office of the Public Defender employee. Defendant Office of the Public Defender shall provide Ms. Doe a letter of reference on Office of the Public Defender letterhead signed by Natasha Dartigue, as Public Defender, stating: "Ms. Doe performed her job well, she was on track for permanent hire, and she was fired without any basis." Further, upon request of Ms. Doe for use in her employment search, on an ongoing basis Defendant Office of the Public Defender shall provide and disseminate the letter of reference in a timely manner to any designated third party recipient.

10. Defendant Office of the Public Defender shall refrain from communicating with any third parties that Ms. Doe engaged in any wrongdoing or misconduct, stalked attorney Matt Connell, that bullets found in the desk assigned to her at the Office of the Public Defender were possessed by her, that she engaged in criminal conduct, or posed a potential threat of violence or danger to attorney Matt Connell or to any Office of the Public Defender employee.

11. Defendant Office of the Public Defender shall cooperate fully in all additional measures that become necessary with respect to Ms. Doe's applications to admission to the Maryland State Bar, applications to any other states' bar, applications for

employment, applications for security clearances, and any other circumstances in which the history of the Office of the Public Defender's false charges creates a potential impediment to Ms. Doe's access to licensure, employment, or other lawful rights.

_____
The Honorable Paula Xinis, Judge

Consented, Counsel for Plaintiff Doe:


_____/S/_____
Kathleen Cahill
Bar No. 02006
The Law Offices of Kathleen Cahill, LLC
1 Olympic Place
Suite 900
Towson, Md.  21204
410-321-6171
kathleen@kathleencahill-law.com


Consented, Counsel for Defendant Office of the Public Defender:

/s/ Wendy L. Shiff

_____
Wendy L. Shiff
Bar No. 09076
Office of the Attorney General
200 St. Paul Place
Baltimore, Md. 21202
410-576-6996
wshiff@oag.state.md.us