**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

April 15, 2025

**Via Electronic Filing**

**PLEASE READ THIS DOCUMENT IN ITS ENTIRETY**

**Kathleen M. Cahill, Esquire**
Law Offices of Kathleen M Cahill
15 E. Chesapeake Avenue
Towson, MD 21286
kathleen@kathleencahill-law.com

**Wendy L. Shiff, Esquire**
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, MD 21202
wshiff@oag.state.md.us

**Donna E. McBride, Esquire**
Miller Miller and Canby
200-B Monroe Street
Rockville, MD 20850
dmcbride@mmcanby.com

Re:   *Doe v. Office of the Public Defender, et al.*
      Civil Action No. 8:25-cv-00717-PX

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **June 12, 2025 at 2:00 p.m.** Counsel and their attendees should report to **Courtroom 2A at the United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.**[1]

Per Local Rule 607.3, it is essential that the attorneys for the parties and the parties-- or in the case of a corporation, partnership, or government entity, a representative, with **complete authority** to enter into a binding settlement-- shall participate in this conference.

---

[1] Wireless internet access is available to members of the Bar of this Court while in the Greenbelt Courthouse. If you have not previously registered to use the Attorney Wi-Fi, you may do so on the day of the settlement conference in the Clerk's Office on the second floor of the Courthouse. The registration process may take several minutes so please arrive at the Courthouse sufficiently in advance of the settlement conference.

*Doe v. Office of the Public Defender, et al.*
April 15, 2025
Page 2

These are the "necessary participants." A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference. **Attendance by the attorney for a party is <u>not</u> sufficient.**[2]

By no later than **Thursday, May 22, 2025,** I would like to receive from each party via email (MDD_GLSChambers@mdd.uscourts.gov) a short *ex parte* letter (not to exceed **5** single-spaced pages). Your letter submission shall candidly set forth the following:

(1) facts that you believe that you can prove at trial;

(2) the major weaknesses in each side's case, both factual and legal;

(3) reference to any pending dispositive or other motions that would have a <u>significant</u> effect on settlement for the Court to review prior to settlement <u>(please include a copy of the motion(s) or the docket number(s) associated with the motions);</u>

(4) an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

(5) to the extent that it applies, an itemization of all damages. Please attach all spreadsheets and summary charts (if applicable);

(6) if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgages or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the <u>ex parte</u> letter for the Court's review;

(7) the history of any settlement negotiations to date;

(8) estimate of attorneys' fees and costs of litigation through trial;

---

[2] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be emailed to my Chambers for my consideration <u>at least two weeks</u> before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Also, counsel shall confer with all other parties in the case and provide their position(s) in your letter to the Court.

*Doe v. Office of the Public Defender, et al.*
April 15, 2025
Page 3

      (9)     any other information that you would like to share for Judge Simms' eyes only, including (for the Plaintiff(s)) any unusual issues regarding the computation of damages; and

      (10)    the name and title of the individual(s) who will be attending the conference, i.e., the names of the necessary participants.[3]

The letters may be submitted *ex parte* and will be solely for my use in preparing for the settlement conference. I also will review select pleadings in the court file. In addition, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter by email. Should your *ex parte* submission exceed a total of 25 pages, a paper copy should be mailed or hand delivered to Chambers by no later than **3 business days** after the above deadline for submissions via email. Delivery confirmation should be sent to Chambers.

Because settlement conferences are often more productive if the parties previously exchange demands and offers and make a good faith effort to settle the case on their own, I require the plaintiff to submit a written itemization of damages and a settlement demand to the defendant prior to the settlement conference. In preparation for the conference, Plaintiff shall submit a written demand to the Defendants by no later than **May 22, 2025**. Defendants shall submit a written counteroffer to the Plaintiff no later than **May 30, 2025**. Defendants' counteroffer shall contain any alternate itemization of damages. Thereafter, the parties should continue to engage in negotiations.[4] **All exchanges between the parties shall be via facsimile or e-mail, with a courtesy copy e-mailed to Chambers at the time of the exchange.**

**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

If counsel believes that a telephone conference prior to **Thursday, June 12, 2025** would make the settlement conference more productive, please **email** my chambers to make arrangements.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

---

[3] Typically, it is most productive if only the parties to the case attend the settlement conference. Thus, non-parties (other than counsel) will not be permitted to attend the conference absent prior approval from opposing counsel, and from the Court.

[4] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. However, the opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

*Doe v. Office of the Public Defender, et al.*
April 15, 2025
Page 4

      Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

      I look forward to seeing you in-person on **June 12, 2025**.

Sincerely yours,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge