IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANE DOE, | * | |
|     *Plaintiffs*, | * | |
| v. | * | No. 8:25-cv-717 PX |
| | * | |
| OFFICE OF THE PUBLIC DEFENDER, ET AL., | * | |
|     *Defendants*. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT OFFICE OF THE PUBLIC DEFENDER**

Defendant, the Office of the Public Defender ("OPD"), through counsel, files this memorandum of law in support of its motion to dismiss the claims against in set forth in the complaint.

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Jane Doe claims she has suffered damage to her reputation and career due to the actions of the OPD.

On January 21, 2025, Ms. Doe filed suit in the Circuit Court for Montgomery County alleging four claims against the OPD: (1) violation of 42 U.S.C. § 1983 (Fourteenth Amendment); (2) affirmative injunctive relief; (3) writ of mandamus; and (4) violation of Maryland Declaration of Rights Article 24.  (ECF 5.)  On March 4, 2025, the OPD removed the case to federal court.  (ECF 1.)

After removal, Ms. Doe and the OPD consented to an order granting preliminary injunctive relief and requested that this Court refer them for mediation and stay the proceedings. (ECF 11,14.) A week prior to the scheduled mediation, it was cancelled. (ECF 20.) Thereafter, the stay was lifted, and the case moves forward. (ECF 24-25.)

**FACTS ALLEGED IN THE COMPLAINT**

Ms. Doe, then a law student, worked for the OPD from May 2023-March 2024. (ECF 5, ¶ 5.) Initially, Ms. Doe served as an unpaid intern; however, on October 25, 2023[1], she was hired as a paid contractual law clerk. (ECF 5, ¶ 6.) The contract term was through June 30, 2024. (ECF 5, ¶ 6.) The contract provided that "the [OPD] may, in its sole discretion and without cause, terminate this Contract at any time." (ECF 5, Exhibit 1, p. 2.)[2]

On March 18, 2024, the OPD exercised its right to terminate the contract. (ECF 5, Exhibit 1, p. 11.) The termination was conducted remotely. (ECF 5, ¶ 10.) The Public Defender, Natasha Dartigue, did not participate in that remote call. (ECF 5, Exhibit 1, pp. 4-5.) Prior to the termination, the Public Defender, Natasha Dartigue, had not met or spoken with Ms. Doe. (ECF 5, ¶ 12.)

Also, on March 18, 2024, Ms. Dartigue contacted Dean Paul Manrique, of the University of Baltimore School of Law, to ask if he would assist in returning Ms. Doe's personal belongings that were at the OPD. (ECF 5, Exhibit 1, p. 9.) During that

---

[1] The complaint erroneously lists the date as October 25, 2024.

conversation, Ms. Dartigue revealed that Ms. Doe was going to be terminated for stalking an OPD attorney. (ECF 5, Exhibit 1, p. 9.) Dean Manrique inquired about a potential threat of violence, to which Ms. Dartigue responded that there was no direct threat of violence but "a concern of potential threat." (ECF 5, Exhibit 1 at 9.) Dean Manrique indicated that his conversation with Ms. Dartigue did not change his opinion about Ms. Doe. (ECF 5, Exhibit 1 at 10.)

On May 23, 2024, Ms. Doe, through counsel, advised the OPD that she sought to conduct a name-clearing hearing. (ECF 5, ¶ 18.). The OPD consented to participate and the name-clearing hearing occurred on October 14, 2024 before the Honorable Patrick L. Woodward, retired Judge of the Appellate Court of Maryland.[3] (ECF 5, ¶ 20.) Judge Woodward's decision was issued on November 27, 2024; among his findings was that Ms. Doe was given the opportunity to refute any charges against her and clear her name. (ECF 5, Exhibit 1 at 12.) Indeed, Judge Woodward found that Ms. Doe's name had been cleared. (ECF 5, Exhibit 1 at 12.)

Ms. Doe graduated from law school in May 2025. (ECF 5, ¶ 5.) She will sit for the Maryland Bar at the end of this month. (ECF 5, ¶ 5.)

## COMPLIANCE WITH CONSENT ORDER

On March 13, 2025, this Court issued the Consent Order Granting Preliminary Injunctive Relief. (ECF 14.). In compliance therewith, Matthew B. Fraling, III, General

---

[3] At the time Judge Woodward served as an appellate judge, the court was known as the Court of Special Appeals of Maryland. Other references to the intermediate appellate court will be to its current name.

Counsel for OPD, sent Plaintiff's counsel a letter on March 20, 2025 indicating the steps taken by the OPD regarding Ms. Doe's reputation. A redacted copy of Mr. Fraling's letter (concealing Ms. Doe's identity) is attached as Exhibit A to this memorandum. Two of the attachments referenced in the letter are included in Exhibit A.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This Court should accept "as true all of the well-pleaded allegations and [view] the complaint in the light most favorable to the non-moving party." *Lesueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). This Court, however, may disregard conclusions of law or unwarranted deductions of fact because the purpose of a Rule 12(b)(6) motion is to determine legal sufficiency of the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

4

will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must allege something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The purpose of the pleading requirement is "to prevent costly discovery on claims with no underlying factual or legal basis." *Migdal*, 248 F.3d at 326 (quoting *DM Research v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)).

When evaluating a motion to dismiss, a court considers exhibits attached to the complaint. *Goines v. Valley Cmty Servs Bd.*, 822 F.3d. 159, 165-166 (4th Cir. 2016). The court may also consider a document submitted with a motion to dismiss if the document is integral to the complaint and there is not dispute about the document's authenticity. *Id*.

## ARGUMENT

I. **SECTION 42 U.S. C. § 1983 DOES NOT PERMIT A CLAIM AGAINST THE OFFICE OF THE PUBLIC DEFENDER.**

It is well-settled that a state agency (or agency official sued in her official capacity) does not qualify as a "person" amenable to suit under 42 U.S.C. § 1983. *Munyiri v. Haduch*, 585 F. Supp. 2d 670, 676 (D. Md. 2008) citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989). The OPD is a state agency. Md. Code Ann., Crim. Proc. §§ 16-201, et seq. (LexisNexis 2018). See *Forster v. State of Maryland, Office of the Public Defender*, 426 Md. 565, 570 (2012).

"The State of Maryland and its agencies are not 'persons' subject to suit for damages under § 1983, regardless of whether a plaintiff brings suit in federal court or state court." *Md. Bd. of Physicians v. Geier*, 241 Md. App. 429, 485-86 (2019) citing *Howlett v. Rose*, 496 U.S. 356, 365, 376 (1990). The origination of this lawsuit in state

court does not impact OPD's inability to be sued as a state agency under 42 U.S.C. § 1983.

Since the OPD is not amenable to suit under 42 U.S.C. § 1983, the claims against it in Count I should be dismissed.

**II.   ENTRY OF THE CONSENT ORDER AND COMPLIANCE THEREWITH MANDATES DISMISSAL OF COUNTS II AND III.**

After this case was removed to federal court, on March 13, 2025, upon consent of Ms. Doe and the OPD, this Court entered a consent order granting preliminary injunctive relief. (ECF 14.)  Within a week, Mr. Fraling wrote to Ms. Doe's counsel advising her of OPD's compliance with the consent order. (Exhibit A.)

Since the order has been granted by consent, and the OPD is in full compliance with Judge Woodward's decision, there is no controversy requiring legal action. Ms. Doe has received her name- clearing hearing (prior to filing suit) and the OPD has complied with the name-clearing measures listed in Judge Woodward's decision.

**III.   ABSENT LEGISLATIVE WAIVER, THE DOCTRINE OF SOVEREIGN IMMUNITY PRECLUDES A DAMAGES ACTION AGAINST A STATE AGENCY FOR ALLEGED VIOLATIONS OF ARTICLE 24.**

Article 24 of the Maryland Declaration of Rights provides due process protection for property and liberty interests.

Ms. Doe did not have a property interest in her employment since she was an employee at will. *Samuels v. Tschechtelin*, 135 Md. App. 483, 525-27 (1984). However, she may have a liberty interest in her reputation if the basis for her termination damages

her reputation or forecloses other employment opportunities (including other government employment opportunities). *Elliott v. Kupferman*, 58 Md. App. 510, 519 (1984).

When reputation is at issue, due process requires that the government employee be given an opportunity to be heard to refute the charges. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972). In this case, any claim that OPD deprived Ms. Doe of her liberty interest in her reputation was nullified by OPD's participation in the name-clearing hearing, its subsequent agreement to the consent order and its confirmation of compliance with the terms set forth in the name-clearing hearing decision and consent order. (ECF 5, Exhibit 1 at 12; ECF 14 and Exhibit A.)

The *Samuels* court opined that "even if …statements 'may have been defamatory under state law, that tort alone does not constitute a constitutional deprivation. Rather, unjustified state action must so seriously damage the plaintiff's reputation and standing in his community as to foreclose his freedom to take advantage of other economic opportunities." 135 Md. App. at 531 citing *Carroll v. City of Westminster*, 52 F. Supp. 2d 546, 562 (D. Md. 1999) (quoting *Jackson v. Long*, 102 F.3d 722, 730 (4th Cir. 1996).

In this case, the complaint fails to assert that any action by OPD has foreclosed her ability to obtain a job generally or in the legal profession. The complaint fails to assert that any action by OPD has foreclosed her ability to obtain a job in the government or private sector. The complaint contains no allegation that anyone who allegedly heard a defamatory comment about Ms. Doe believed it. She has failed to allege any actual missed economic opportunity due to any defamatory action by OPD. Her allegations are speculative at best.

Per the consent order (ECF 14, ¶ 9) the OPD provided Ms. Doe with a letter of reference signed by the Public Defender on OPD letterhead stating: "Ms. Doe performed her job well, she was on track for permanent hire, and she was fired without any basis."[4] (Exhibit A, ¶ 8 and attachment)  Likewise, OPD has made a similar agreement with respect to the Maryland State Board of Law Examiners. (Exhibit A, ¶ 9 and attachment).   OPD has also consented to advise Ms. Doe's counsel anytime it receives a communication from a prospective employer[5].   These communications should prevent her foreclosure from economic opportunities.

Per *Samuels*, 135 Md. at 531, there is no deprivation of a constitutional right if there is not an actual foreclosure of economic opportunity.  "Absent legislative waiver the doctrine of sovereign immunity precludes a damages action against the State [OPD] for alleged violations of Article 24.  *Id.* at 522 citing *Ritchie v. Donnelly*, 324 Md. 344, 369 (1991).   There is no legislative waiver applicable here.

Having failed to state a claim that OPD deprived her of liberty and interest in her reputation, the claims against the OPD in Count IV must be dismissed with prejudice.

## INCORPORATION BY REFERENCE

OPD incorporates by reference the arguments made in the Motion to Dismiss of co-defendant, Natasha Dartigue.

---

[4] The language of these letters was derived from the name-clearing hearing decision and the consent order to which Ms. Doe agreed.

[5] To date, the OPD has not received any communications about Ms. Doe from prospective employers or the Maryland State Board of Bar Examiners.

## CONCLUSION

For the reasons stated above, the Office of the Public Defender respectfully requests this Honorable Court dismiss all claims against it with prejudice.

                                        Respectfully submitted,

                                        ANTHONY G. BROWN
                                        Attorney General of Maryland

                                        /s/ Wendy L. Shiff
                                        _____
                                        WENDY L. SHIFF
                                        Federal Bar No. 09076
                                        Assistant Attorney General
                                        Office of the Attorney General
                                        200 Saint Paul Place, 20th Floor
                                        Baltimore, Maryland  21202
                                        wshiff@oag.state.md.us
                                        (410) 576-6996
                                        (410) 576-6955 (facsimile)

July 8, 2025                                  Attorneys for the Office of the Public Defender

## CERTIFICATE OF SERVICE

I certify that, on this 8th day of July, 2025 the foregoing was served by CM/ECF on all registered CMF users.

                                        /s/ Wendy L. Shiff
                                        _____
                                        Wendy L. Shiff