**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JANE DOE, | * |
|     *Plaintiffs*, | * |
| v. | *   No. 8:25-cv-717 PX |
| | * |
| OFFICE OF THE PUBLIC DEFENDER, ET AL., | * |
|     *Defendants*. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**OF DEFENDANT OFFICE OF THE PUBLIC DEFENDER**

Defendant, the Office of the Public Defender ("OPD"), through counsel, files this reply memorandum of law in support of its motion to dismiss the claims against it set forth in the complaint.

**ARGUMENT IN REPLY TO PLAINTIFF'S ASSERTIONS**

**I.     SECTION 42 U.S.C. § 1983 DOES NOT PERMIT A CLAIM AGAINST THE OFFICE OF THE PUBLIC DEFENDER WHETHER THE CLAIM IS MADE IN STATE OR FEDERAL COURT.**

Plaintiff argues that Count I states a valid claim since she originally filed suit in state court. Her position that removal to federal court by Defendant waives Eleventh Amendment immunity ignores the requirement of 42 U.S.C. § 1983. The statute does not permit a claim against a state (or state agency). As indicated in the motion to dismiss, a state (or state agency) does not qualify as a "person" amenable to suit under 42 U.S.C. § 1983.

"The conclusion that § 1983 claims are not cognizable against the State, despite its waiver of Eleventh Amendment immunity through removal, is supported by the State's handling of these claims in its own courts." *Francis v. Maryland*, No. CV ELH-21-1365, 2023 WL 2456553, at *17 (D. Md. Mar. 10, 2023) citing *Okwa v. Harper*, 360 Md. 161, 193, 757 A.2d 118, 135 (2000) ("A state public official, sued in his or her official capacity, is not considered a 'person' when a plaintiff brings a § 1983 action for monetary damages."); *Ritchie v. Donnelly*, 324 Md. 344, 355, 597 A.2d 432, 437 (1991) ("With regard to an action for money damages, neither a state nor a state agency nor a state official sued in his official capacity is a "person" within the meaning of § 1983. Thus, an action for money damages under § 1983 cannot be maintained against a state, a state agency, or a state official sued in his official capacity.").

"The definition of 'person' under § 1983 is a separate issue from the Eleventh Amendment but often turns on similar considerations." *Lowery v. Prince George's County, Maryland*, 960 F. Supp. 952 (D. Md. 1997). *See also Lilly v. Baltimore Police Department*, 694 F. Supp. 3d 569 (D. Md. 2023); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546 (D. Md. 2003).

**II.    ENTRY OF THE CONSENT ORDER AND COMPLIANCE THEREWITH MANDATES DISMISSAL OF COUNTS II AND III.**

Plaintiff acknowledges that this Court issued a Consent Order Granting Preliminary Injunctive relief. Within a week, Matthew Fraling, General Counsel for OPD, wrote to Ms. Doe's counsel advising her of OPD's compliance with the consent order. (ECF 27-2.) To date, there have been no inquiries made to OPD regarding Ms. Doe (including

prospective employers and any State bar character committee). There has been nothing to report since March 2025. The Consent Order does not require monthly or quarterly reporting. It requires contemporaneous reporting. No activity occurred that required contemporaneous reporting. Accordingly, OPD is in full compliance with the consent order.

### III. ALTHOUGH THE TORT CLAIMS ACT ENABLES INDIVIDUALS TO FILE TORT CLAIMS AGAINST THE STATE OR ITS AGENCIES, THE COMPLAINT MUST STATE A CLAIM FOR A RECOGNIZED TORT.

Plaintiff correctly states that the Maryland Tort Claims Act is a limited waiver of statutory immunity regarding liability for tortious conduct of state employees. However, like any other claim, the Plaintiff must state a claim upon which relief can be granted. In this case the alleged violation of the Maryland Declaration of Rights is a violation of her liberty interest in her reputation. To be considered a violation of a liberty interest, the "unjustified state interest must so seriously damage the plaintiff's reputation and standing in his community as to foreclose his freedom to take advantage of other economic opportunities." *Samuels v. Tschechtelin*, 135 Md. App. 483, 532 (1984). (citations omitted).

The Complaint fails to state a claim upon which relief can be granted. The Complaint fails to allege that Plaintiff has been denied any economic opportunity due to the alleged defamatory statements about her. If anything, the complaint states otherwise. The complaint incorporates Judge Woodward's decision which indicates that neither the Dean of Students nor Judge Woodward believed the alleged defamatory remarks about Plaintiff. The only reference in the Complaint to economic harm is contained in Paragraph

3

23 which states that the OPD actions "jeopardizes Plaintiff's admission to the Maryland Bar or that of any state or federal court and forecloses employment and other opportunities."

Merely using "magic words" is insufficient to state a claim upon which relief can be granted. "To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to 'state a claim to relief that is plausible on its face.'" *Thornton, v. Department of Public Safety and Correctional Services,* No. CV ELH-16-3028, 2017 WL 3592677, at *5–6 (D. Md. Aug. 18, 2017) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.

While a plaintiff need not include "detailed factual allegations" to state a claim, Rule 8(a)(2) demands more than bald allegations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Here, the complaint provides no more than "a formulaic recitation of the elements of a cause of action," rendering it insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if...[the] actual proof of those facts is improbable and...recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Here the assertion that the admission to the Maryland Bar is "jeopardized" due to the actions of the OPD is mere speculation. It is speculative because (1) the plaintiff must pass the written portion of the bar exam before any character issues are considered; and (2) OPD would need to alert the Character Committee or the State Bar of Law Examiners about its basis for termination plaintiff's employment; and (3) the

decision-makers would need to believe OPD; and (4) the decision-maker would need to conclude that those alleged actions of a second-year law student were sufficiently egregious to deny her admission to the bar.

Likewise, there is no factual allegation in the complaint that Plaintiff has suffered any adverse economic consequence because of any action by OPD. Indeed, the complaint contains no assertion about Plaintiff's job search or employment prospects. The complaint does not allege that Plaintiff has lost any prospective job or opportunity due to reputational harm caused by OPD.

## INCORPORATION BY REFERENCE

OPD incorporates by reference the arguments made in the reply memorandum of co-defendant, Natasha Dartigue.

## CONCLUSION

For the reasons stated above and, in its motion to dismiss, the Office of the Public Defender respectfully requests this Honorable Court dismiss all claims against it with prejudice.

    Respectfully submitted,

    ANTHONY G. BROWN
    Attorney General of Maryland

    /s/ Wendy L. Shiff

    _____
    WENDY L. SHIFF
    Federal Bar No. 09076
    Assistant Attorney General
    Office of the Attorney General
    200 Saint Paul Place, 20th Floor
    Baltimore, Maryland  21202
    wshiff@oag.state.md.us
    (410) 576-6996
    (410) 576-6955 (facsimile)

September 12, 2025    Attorneys for the Office of the Public Defender

## CERTIFICATE OF SERVICE

I certify that, on this 12th day of September, 2025 the foregoing was served by CM/ECF on all registered CMF users.

    /s/ Wendy L. Shiff

    _____
    Wendy L. Shiff