**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JANE DOE, | * |
|     *Plaintiff*, | * |
| v. | *  No. 8:25-cv-717 PX |
| | * |
| OFFICE OF THE PUBLIC DEFENDER, ET AL., | * |
|     *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT OFFICE OF THE PUBLIC DEFENDER'S OPPOSITION**
**TO PLAINTIFF'S MOTION TO FILE SUR-REPLY**

Defendant, the Office of the Public Defender ("OPD"), through counsel, files this opposition to plaintiff's motion to file sur-reply.

In the motion and the exhibit attached thereto (the proposed sur-reply), Plaintiff asserts that the OPD is violating the consent order and is acting to obstruct her admission to the bar. This is not correct as is further explained in this opposition. A motion to dismiss tests the sufficiency of the complaint to determine whether it contains sufficient factual matter, accepted as true, to state a claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell-Atlantic v. Twombly*, 550 U.S. 544 (2007). A sur-reply which asserts violation of a consent order is not a proper way to respond to a motion to dismiss.

Because the motion and proposed sur-reply are part of the public record, and because this case has received significant attention in the press, the OPD is compelled to respond to the claims in the sur-reply. OPD did not learn that the State Board of Law

Examiners had sent forms about plaintiff until receiving the sur-reply on September 16, 2025. Prior to filing the reply on September 12, 2024, undersigned counsel had confirmed with OPD that no one had received any communication from the State Board of Law Examiners about the plaintiff. Undersigned counsel sent an email to plaintiff's counsel so indicating and requesting information about the recipient of the subject forms.

The plaintiff's most recent filing indicates that the State Board of Law Examiners had sent the forms to Cynthia Knight, Chief Human Resources Officer. Ms. Knight has been on leave (Family Medical) since May 2025. Her "out-of-office" email is attached as Exhibit 1. Exhibit 1 clearly indicates that Ms. Knight is not reviewing email and directs the sender to redirect the mail. Based on the exhibit to Plaintiff's sur-reply, the forms were sent to Ms. Knight only.

Upon learning about Ms. Knight's leave, undersigned counsel contacted Marsha Hardy at the State Board of Law Examiners and requested that the certification as to employment form be sent to her[1]. Ms. Hardy sent the form to undersigned counsel this morning. The form has been completed by the Office of the Public Defender. Undersigned counsel returned the form to the State Board of Law Examiners this afternoon. Undersigned counsel has communicated this information to Plaintiff's counsel via email. OPD's actions over the past day indicate its effort to comply with the Consent Order and to take the appropriate action vis-à-vis plaintiff's candidacy for the bar.

In light of the above, there is no reason for this court to permit a sur-reply.

---

[1] Concurrently, Ms. Knight was contacted, reviewed her email from September 5, 2025 and forwarded the forms to Dawn Kouneski, Chief of Human Resources.

For the reasons stated above, the Office of the Public Defender respectfully requests this Honorable Court deny the motion to file sur-reply.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Wendy L. Shiff

_____
WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
wshiff@oag.state.md.us
(410) 576-6996
(410) 576-6955 (facsimile)

September 17, 2025

Attorneys for the Office of the Public Defender

## CERTIFICATE OF SERVICE

I certify that, on this 17th day of September, 2025 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Wendy L. Shiff
_____
Wendy L. Shiff

Case 8:25-cv-00717-PX   Document 34   Filed 09/17/25   Page 4 of 4

4