**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JANE DOE | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:25-CV-00717-PX |
| OFFICE OF THE PUBLIC DEFENDER, et al. | * | |
| | * | |
| Defendants. | | |

* * * * * * * * * * * * *

**CONSENT ORDER GRANTING**
**PERMANENT INJUNCTIVE RELIEF**

This ORDER is entered this 22nd day of September, 2026, upon consent of the parties:

1. On February 21, 2025, Plaintiff Jane Doe filed her Motion for Preliminary and Permanent Injunctive Relief in the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-25-000307;
2. On March 4, 2025, Defendant Office of the Public Defender removed this case from the Circuit Court for Montgomery County, Maryland;
3. On March 11, 2025, this Court entered the Consent Order for Preliminary Injunctive Relief;
4. Defendant Office of the Public Defender represents that it has complied with paragraphs 1-6 and as well as certain provisions of paragraphs 8 and 9 including: (1) that it affirmatively communicated to the Maryland State Board of Law Examiners that “Ms. Doe performed her job well, she was on track for permanent hire, and she was

fired without any basis;" (2) the Office of the Public Defender provided Ms. Doe a letter on Office of the Public Defender letterhead signed by Natasha Dartigue, as Public Defender, addressed to the Maryland State Board of Law Examiners stating: "Ms. Doe performed her job well, she was on track for permanent hire, and she was fired without any basis;" and (3) Defendant Office of the Public Defender provided Ms. Doe a letter of reference on Office of the Public Defender letterhead signed by Natasha Dartigue, as Public Defender, stating: "Ms. Doe performed her job well, she was on track for permanent hire, and she was fired without basis." As such, these provisions are moot for purposes of this Permanent Injunction;

5. Defendant Office of the Public Defender consents to the Court granting the permanent injunctive relief sought in Plaintiff Doe's Motion for Preliminary and Permanent Injunctive Relief, as set forth herein;

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Defendant Office of the Public Defender shall refrain from communicating to the Maryland State Board of Law Examiners that Ms. Doe engaged in any wrongdoing or misconduct, stalked attorney Matt Connell, that bullets were found in the desk assigned to Ms. Doe at the Office of the Public Defender were possessed by her or were brought into the OPD's offices by her, that she engaged in criminal conduct, or that she posed a potential threat of violence or danger to attorney Matt Connell or to any Office of the Public Defender employee. Defendant Office of the Public Defender shall submit all necessary forms, references, and communications to the Maryland State Board of Law Examiners on a timely basis and in compliance with the terms of this Order. Defendant Office of the Public Defender also shall proceed in

accordance with this provision of this Order with respect to Ms. Doe's applications to any other states' bar.

2. Defendant Office of the Public Defender shall refrain from communicating with prospective employers that Ms. Doe engaged in any wrongdoing or misconduct, that she stalked attorney Matt Connell, that bullets found in the desk assigned to her at the Office of the Public Defender were possessed by her, that she engaged in criminal conduct, or that she posed a potential threat of violence or danger to attorney Matt Connell or to any Office of the Public Defender employee. Further, upon request of Ms. Doe for use in her employment search, on an ongoing basis Defendant Office of the Public Defender shall provide and disseminate the aforementioned letter of reference in a timely manner to any designated third party recipient.

3. Defendant Office of the Public Defender shall refrain from communicating with any third parties that Ms. Doe engaged in any wrongdoing or misconduct, stalked attorney Matt Connell, that bullets found in the desk assigned to her at the Office of the Public Defender were possessed by her, that she engaged in criminal conduct, or posed a potential threat of violence or danger to attorney Matt Connell or to any Office of the Public Defender employee.

4. Defendant Office of the Public Defender shall cooperate fully in all additional measures that become necessary with respect to Ms. Doe's applications to admission to the Maryland State Bar, applications to any other states' bar, applications for employment, applications for security clearances, and any other circumstances in which the history of the Office of the Public Defender's false accusations creates a

potential impediment to Ms. Doe's access to licensure, employment, or other lawful rights.

5. Defendant Office of the Public Defender shall provide contemporaneous and ongoing reporting of its implementation of these requisite measures to counsel for Ms. Doe, along with full access to all information necessary to monitor and ensure all these requisite measures are undertaken and in a form sufficient to ensure the maximum comprehensive efforts to correct and retract each adverse statement made about Ms. Doe to third parties.

/s/

Paula Xinis
United States District Court Judge

Consented, Counsel for Plaintiff Doe:

_________/S/_____________________

Kathleen Cahill
Bar No. 02006
The Law Offices of Kathleen Cahill, LLC
1 Olympic Place
Suite 900
Towson, Md. 21204
410-321-6171
kathleen@kathleencahill-law.com

Consented, Counsel for Defendant Office of the Public Defender:

______________/S/________________

Wendy L. Shiff
Bar No. 09076
Office of the Attorney General
200 St. Paul Place
Baltimore, Md. 21202
410-576-6996
wshiff@oag.state.md.us